UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-CIV-22857-DLG
CASE NO. 14-CIV-20047-JEM

IN RE APPLICATION OF
Victor Mikhaylovich Pinchuk
Pursuant to 28 U.S.C. § 1782
For Judicial Assistance in
Obtaining Evidence in this District

IN RE APPLICATION OF
Victor Mikhaylovich Pinchuk; Acle
Limited; Bisenden Consulting Inc.;
Bramerton Consulting Invest Inc.;
Bungonia Overseas Ltd.; Comidor Limited;
Kessinglard Limited; Kirkbean Participation
Corp.; Soyer Management Ltd.; Walkerville
Business Ltd.; and Zambrotta International Inc.
Pursuant to 28 U.S.C. § 1782 For Judicial
Assistance in Obtaining Evidence in this District

_____/

## ORDER ON MOTION TO CONSOLIDATE

This Cause is before the Undersigned on Petitioner Victor Mikhaylovich Pinchuk's Motion to Consolidate Case No. 13-CIV-22857-DLG and Case No. 14-CIV-20047-JEM (the "Motion"). [ECF No. 63]. The Undersigned has reviewed the motion filed in the 2013 case [ECF No. 63], the response [ECF No. 70], the reply [ECF No. 73], and the other relevant portions of the record. For the foregoing reasons, the Motion is **DENIED**.

I. BACKGROUND

Victor Mikhaylovich Pinchuk ("Petitioner") has filed two separate applications in this District for *ex parte* discovery pursuant to 28 U.S.C. § 1782. Petitioner filed the first application on August 9, 2013, after which the clerk assigned the matter to the **Honorable Judge Donald L. Graham** (the "London Application"). [Case No. 13-CIV-22857, ECF No. 1]. In the London Application, Petitioner seeks discovery from Georgian American Alloys, Inc., Felman Production LLC, Felman Trading, Inc., CC Metals and Alloys LLC, and Mordechai Korf (collectively, the "Discovery Subjects") in connection with a breach of contract action pending before the London Court of International Arbitration ("LCIA"). Petitioner's breach of contract claims arise out of a dispute regarding a joint venture between Petitioner and his former partners Igor Valeryevich Kolomoisky ("Kolomoisky") and Gennadiy Borisovich Bogolyubov ("Bogolyubov"). [ECF No. 1, pp. 1-4]. Judge Graham referred the matter to the Undersigned to take all necessary and proper action required by law regarding Petitioner's *ex parte* application. The Undersigned granted the London Application. [ECF No. 5].

On January 6, 2014, Petitioner, along with ten other entities (collectively, the "Cyprus Petitioners"), filed a second Section 1782 application (the "Cyprus Application"). [Case No. 14-CIV-20047-JEM, ECF No. 1]. The Cyprus Petitioners seek discovery from the Discovery Subjects regarding a claim for injunctive relief against

2

both Kolomoisky and Bogolyubov, in an action pending before the Limassol District Court in the Republic of Cyprus. The clerk assigned the Cyprus Application to the **Honorable Judge Jose E. Martinez**, who then transferred the matter to the Undersigned. However, for statistical purposes, the clerk re-designated the case to Judge Martinez with the Undersigned as the referral judge.

Petitioner now moves to consolidate the Cyprus Application pending before Judge Martinez with the London Application pending before Judge Graham.

II.     DISCUSSION

**A. Federal Magistrate Judge's Jurisdiction over Non-Dispositive Matters**

A federal magistrate judge can hear and rule on non-dispositive matters without first obtaining the parties' consent. *See, e.g.*, *Reeves v. DSI Sec. Serv., Inc.*, 395 Fed. App'x 544, 548 (11th Cir. 2010) ("A district court may also designate a magistrate judge to rule on certain non-dispositive pretrial motions. . . .The district court need not obtain the consent of the parties before assigning these matters to a magistrate judge."); *Romacorp, Inc., v. Prescient, Inc.*, No. 10-22872-Civ, 2011 WL 2312563, at *1 (S.D. Fla. June 8, 2011) ("It is well-established that the consent of the parties is unnecessary for a magistrate judge to rule on non-dispositive matters."). Section 636(b)(1)(A) permits a district court judge to designate a magistrate judge to rule on any pretrial matter – by order – except for certain enumerated motions such as a motion for summary judgment. *See* 28 U.S.C. § 636(b)(1)(A). Therefore, the Undersigned may issue an order on Petitioner's motion

without first obtaining the parties' consent. The Undersigned's denial of a motion to consolidate is reviewed for an abuse of discretion. *See Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1169 (11th Cir. 1995).

### B. Rule 42(a) Consolidation

Under Federal Rule of Civil Procedure Rule 42(a), the court can consolidate cases "involving a common question of law or fact." Fed.R.Civ.P. 42(a). In making this determination, the court retains complete discretion and may consolidate all or part of any action. *See Young*, 59 F.3d at 1168 (citing 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2383, at 439-40 (1994)(discussing that even when consolidation under Rule 42(a) may be warranted because of a common issue of law or fact, it is not required)). For Rule 42(a) to apply, the cases must be "simultaneously pending in the same court." *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 765-66 (11th Cir. 1995).

#### 1. "Same Court"

The London Application and the Cyprus Application are pending before two different district court judges in the Southern District of Florida. The Ninth Circuit Court of Appeals, in *Investors Research Co. v. United States District Court for the Central District of California*, 877 F.2d 777 (9th Cir. 1989), held that the district court erred in refusing to consider a motion to consolidate because the actions were in the same *district* but pending before different *judges*. *Id.* at 777. However, the Court of Federal

4

Claims, in *Swentek v. United States*, No. 07-208C, 2008 WL 2275572, at *1 (Fed.Cl. May 29, 2008), held that under its local rules, "a judge has the power only to consolidate the cases on his own docket." *Id.* at *1. The Eleventh Circuit has not ruled on this issue. The practice in this district is for consolidation only when the related cases are pending before the same judge due to initial case assignment or transfer. The Undersigned, however, need not resolve the issue of how to interpret "same court" because, assuming that I predict that the Eleventh Circuit would adopt the Ninth Circuit's rule, I would *still* deny the motion for other reasons as described below.

## 2. Common Issues of Law or Fact

Even if the Ninth Circuit's interpretation applied to this motion, the Undersigned finds the matters do not involve common issues of law or fact sufficient to justify consolidation. Although both applications seek discovery from the same Discovery Subjects, they involve different foreign tribunals, parties, and legal issues. The London Application concerns a case pending before the LCIA and the Cyprus Application concerns a case pending before a Cyprus District Court. These foreign tribunals will inevitably engage in different proceedings with different standards and rules for discovery. Indeed, neither tribunal has stated that it would accept the requested discovery. In addition, the Cyprus action concerns ten entities that are not a part of the LCIA action. Finally, the LCIA action is for breach of contract, while the Cyprus action is for injunctive relief.

Furthermore, although the Undersigned initially granted the London Application, the Discovery Subjects have filed motions challenging that Order and it remains within the Court's discretion to grant or deny the Cyprus Application. Indeed, even if Petitioner has established a prima facie case under § 1782(a), the Court may deny the requested relief. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004)("A district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so."). Thus, there remains a possibility that the Court's ruling on the Cyprus Application will differ from the ruling on the London Application.

As detailed above, the matters, pending before two different judges in this district, simply do not involve enough common questions of law or fact to justify consolidation. Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion to Consolidate [ECF No. 63] is DENIED.

**DONE AND ORDERED** in Chambers, in Miami, Florida, March 17, 2014.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to:</u>
The Honorable Donald L. Graham
The Honorable Jose E. Martinez
All counsel of record