UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:13-CV-22857-GRAHAM/GOODMAN

IN RE APPLICATION OF
Victor Mikhaylovich Pinchuk
Pursuant to 28 U.S.C. § 1782
For Judicial Assistance in this District
_____/

**KOLOMOISKY'S AND BOGOLYUBOV'S REPLY IN SUPPORT OF APPEAL OF THE MAGISTRATE JUDGE'S JANUARY 27, 2014 ORDER ON MOTION TO INTERVENE**

Mr. Pinchuk's Response to Intervenors' Appeal (DE71) does not spare the invective. In it, he charges the Intervenors with complicating this proceeding unnecessarily; claims that they will "do or say whatever is convenient"; and accuses them of "misrepresent[ing] the Order [on Appeal], mislead[ing] the Court by pointing to issues that had no bearing to the ruling, and falsely attack[ing] Judge Goodman's handling of the proceedings" (DE75 at 1). Pinchuk pursues this baseless attack throughout his Response, only addressing in passing the merits of the Intervenors' legal arguments. The reasons for this strategy are transparent, and entirely consistent with the strategy that Pinchuk has employed before the Magistrate Judge— to poison the well, and to avoid any substantive response to the merits of the Intervenors' legal arguments. Pinchuk's arguments in response to the Appeal are meritless. Accordingly, for the reasons set forth in their Appeal and in this Reply, the Intervenors respectfully request that this Court reverse the Order on Appeal, granting them full intervention rights under Federal Rule of Civil Procedure 24(a) and (b).

I. **THE INTERVENORS HAVE ACTED REASONABLY TO PROTECT THEIR INTERESTS AND INTERVENTION WOULD NOT CAUSE PREJUDICE OR UNDUE DELAY**

At every stage of these proceedings, the Intervenors have acted reasonably to protect their interests in the face of Pinchuk's aggressive litigation strategy. Pinchuk filed his Section 1782 Application seeking wide-ranging discovery in support of the LCIA arbitration (DE1); sought

1
ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

expedited treatment for that Application (DE3); obtained an Order granting the Application and all of the requested discovery without any limitation (DE5); and served multiple subpoenas for the same discovery (DE75 at 3) – all on an *ex parte* basis and without notice to the Intervenors who had already been sued by Pinchuk in multiple fora.[1]  Naturally, these measures necessitated a response by the Intervenors, who acted to protect their rights as parties to the foreign proceedings in support of which Mr. Pinchuk is seeking discovery.  The first step in that process was to seek intervention, which the Intervenors did on a timely basis (DE10).  The fact that Pinchuk has resisted the Intervenors' efforts to intervene here– given that such intervention is entirely routine in actions of this kind, and is supported by all of the case law cited in these proceedings– belies Pinchuk's argument that it is the Intervenors who have made this proceeding "difficult" (DE75 at 1).  More importantly, it establishes as erroneous that portion of the Order on Appeal that denies permissive intervention under Rule 24(b) on the basis that it would cause prejudice to the parties and delay the proceedings unduly (DE68 at 3-4).

In any event, the Court itself required the parties to make submissions concerning the status and posture of the LCIA arbitration in connection with its evaluation of the merits of Mr. Pinchuk's Application for discovery.  The Magistrate Judge requested status updates, information, and answers to specific questions pertaining to the LCIA arbitration and its rules on more than one occasion, which could be provided only by the Intervenors, who are the only participants in these proceedings, other than Pinchuk himself, party to the LCIA arbitration.  See e.g., (DE19), (DE26), (DE29), (DE37), (DE39), (DE40), (DE54).[2]  This practical need for input from the Intervenors

---

[1] As noted in the Intervenors' Motion to Intervene, Pinchuk had already instituted arbitral proceedings before the LCIA and a separate court action before the English High Court in London against the Intervenors before filing his Section 1782 Application here (DE10 at 4-6).

[2] The Order on Appeal notes that, "a considerable amount of time … has been spent evaluating the filings submitted by [the Intervenors]" (DE68 at 4), however, the record is clear that the vast majority of filings before the Court belong to Pinchuk and the Discovery Subjects.

was recognized as recently as today when the Magistrate Judge requested a Joint Status Report regarding the LCIA proceeding from Pinchuk, the Discovery Subjects and the Intervenors (DE79).

Moreover, it bears noting that Pinchuk sought to "supplement" his Section 1782 Application in this action with evidence of twenty-two additional actions before the courts of Cyprus, which were brought by Pinchuk only *after* he encountered *inter partes* opposition in this proceeding (DE22)— a tactic that necessitated responsive briefing and an allocation of hearing time during the December 19, 2013 omnibus hearing in this matter (DE34), (DE36), (DE45), (DE63), (DE70), (DE73). Pinchuk's belated and improper effort to bolster his deficient Section 1782 Application, and to circumvent proof-gathering restrictions associated with the LCIA arbitration, undeniably added to the complexity of this discovery action and was not prompted or aggravated by the Intervenors in any way.³ Based on the foregoing, it cannot be argued credibly that the complexity or duration of these proceedings was caused by the Intervenors so as to warrant the denial of permissive intervention under Rule 24(b).⁴ If anything, it has been Pinchuk's conduct from the inception of these proceedings that has placed the parties and the Court in the position that they are in today. In fact, the Intervenors' limited participation to date has assisted the Court, and will continue to do so, as recognized by the Court as recently as today (DE79).⁵

---

³ Pinchuk ultimately filed a new Section 1782 action seeking the identical discovery from the identical Discovery Subjects, (DE49), and opposes the Intervenors' intervention in that action too.
⁴ Other than a concern about additional filings and delay, the Order on Appeal does not make any specific findings regarding what prejudice, if any, would be caused to Pinchuk if the Intervenors were permitted to intervene fully. Indeed, none can be shown. The record evidence here shows that the Discovery Subjects have adhered to the Court's preservation order requiring them to "preserve documents and evidence, electronic or otherwise, in their possession, custody or control" (DE5) and (DE38). Pinchuk's speculation to the contrary (DE75 at 19, n. 28) is unavailing.
⁵ Magistrate Judge Goodman postponed his ruling on various pending motions (DE69) on account of the LCIA Tribunal's January 10, 2014 Order brought to his attention by the Intervenors (DE54). In response to the LCIA Tribunal's referenced Order, Magistrate Judge Goodman's January 28, 2014 Order contains a number of questions that he hopes the LCIA Tribunal will answer (DE69 at 2-3). Accordingly, it is inconsistent for the Order on Appeal to have stated <u>one day earlier</u>, that the Intervenors' intervention "will further delay an already-delayed proceeding" (DE68 at 4),

## II. PINCHUK HAS FAILED TO REFUTE THE INTERVENORS' MERITORIOUS ARGUMENTS IN SUPPORT OF REVERSAL OF THE RULE 24(a) RULING

As argued in the Appeal, the Magistrate Judge misconstrued the factual record in this case and erred in applying the controlling law with respect to intervention as of right under Rule 24(a). As demonstrated, the controlling law requires the Intervenors to meet only a "minimal" burden of showing that "their interests *may be* inadequately represented" to secure intervention under Rule 24(a). Federal Savings and Loan Ins. Corp. v. Falls Chase Spending, 983 F.2d 211, 216 (11th Cir. 1993) (emphasis in original); Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538, n. 10 (1972). In his Response to the Appeal, Pinchuk fails to refute the Intervenors' showing— which, based on established authority, is more than adequate— choosing instead to focus his arguments on a number of tangential issues, presumably in the hope of distracting the Court from the central issues in this appeal. Where Pinchuk does address the factual record in the case, a number of glaring half-truths and inconsistencies appear, thoroughly undermining his arguments.

First, Pinchuk attacks the Intervenors' statement that, if permitted to intervene, they anticipate filing a motion to vacate or amend the Order granting the Section 1782 Application, a motion to quash or modify the document and deposition subpoenas, and a motion for limited stay pending resolution of certain imminent motions in the United Kingdom (DE75 at 3). Pinchuk goes on to complain that the Discovery Subjects have filed "every one of these motions." Id. That fact, however, should come as no surprise and should not impact the Court's analysis under Rule 24(a). The motions referred to by Pinchuk are motions that are typically filed in response to an Order granting a Section 1782 Application and the discovery served pursuant thereto. In fact, it was Magistrate Judge Goodman himself, in an early Order granting the Discovery Subjects additional

---

where the Court itself found it helpful to postpone ruling on a number of motions <u>one day later</u> to await clarification from the LCIA Tribunal (DE69)— clarification that only the Intervenors and Pinchuk could provide.

time to file motions directed at the Order granting Pinchuk's Section 1782 Application and related discovery that indicated, with citations to case law, that the above-referenced motions were the only appropriate vehicles that the Intervenors could use to challenge the September 20, 2013 Order granting Pinchuk's *ex parte* Section 1782 Application (DE8 at 2-3). Stated differently, the fact that the Discovery Subjects and the Intervenors might file the same *types* of motions in this proceeding, does not mean that the motions will be duplicative or that the Discovery Subjects could even advance the same arguments as the Intervenors. Indeed, the record here indisputably shows that where the Intervenors were permitted to file a Reply in support of the Discovery Subjects' Motion to Vacate, (DE58), that filing was distinct from the Discovery Subjects' own Reply, (DE56), and, unlike the Discovery Subjects' Reply, contributed information about the underlying LCIA arbitration proceeding that only the Intervenors could provide (DE58 at 1-4).[6]

      Second, Pinchuk's Response concedes that the Motion to Intervene is supported by argument that the Discovery Subjects will not adequately represent the Intervenors' interests in this proceeding because the Discovery Subjects are not parties to the LCIA arbitration and, as such, are not in a position to "(i) evaluate the materiality, relevance, or significance of the evidence sought by Pinchuk, (ii) assess either the rules of procedure governing the LCIA arbitration, or (iii) know the status of the LCIA arbitration" (DE75 at 3-4 and 12-13). The Intervenors also cite to the Discovery Subjects' inability to assess any motions and orders, to or from, the LCIA relating to discovery, as additional grounds for their intervention (DE10 at 3). The record in this case shows that time and again, the Court would have been without crucial information about the LCIA

---

[6] As noted in various places in the record, LCIA arbitration proceedings are private and confidential pursuant to the LCIA Rules, Art. 30, (DE1-4 at 15) and (DE54 at 1, n. 1). The Order on Appeal creates a situation where Pinchuk will be the only party to the LCIA arbitration in a position to comment on any future hearings in front of, and/or rulings by, the LCIA Tribunal. This fact alone confirms the inadequacy of the Discovery Subjects' alleged representation of the Intervenors' interests here.

proceedings, including without crucial orders of the Tribunal, but for, the participation of the Intervenors.  See e.g., (DE54) (filing the LCIA Tribunal's January 10, 2014 Order which Pinchuk never filed and which led to the postponement of the Court's ruling on various pending motions filed by the Discovery Subjects at (DE69)).  Pinchuk fails to rebut any of the Intervenors' arguments for intervention with a citation to record evidence or the law, relying solely on conjecture to argue that the alleged adequacy of the Discovery Subjects' representation of the Intervenors' interests requires denial of full intervention for the Intervenors.[7]

Third, while conceding that the Magistrate Judge did not (and should not have) relied on Pinchuk's filings involving the *Mt. Hawley* decision in ruling on the Intervenors' Motion to Intervene, Pinchuk presses ahead with his disingenuous attempt to tar the Intervenors with rulings from those proceedings, which did not involve the Intervenors as parties, and which were conducted many years ago before a different court— all under cover of the argument that the Intervenors failed to answer fully the Magistrate Judge's requests for clarification.  This line of argument is entirely without merit.

As an initial matter, it is inaccurate to say that the Intervenors failed to answer fully the questions posed by Magistrate Judge Goodman in the Order for Clarification (DE75 at 1, 4-5).  In that Order for Clarification (DE46 at 5), the Magistrate Judge asked two specific questions and the Intervenors filed a Response (DE50), three Declarations, (DE50-1), (DE50-2), (DE50-3), and a written agreement between them and the Discovery Subjects (DE50-4), that addressed each of the

---

[7] For example, Pinchuk argues without citing to any evidence or support whatsoever that "the Discovery Subjects have been zealously representing [the Intervenors'] interests since this case's inception" and that "the undisputed evidence shows that the Discovery Subjects are communicating and cooperating with [the Intervenors] about the LCIA arbitration and that the Discovery Subjects are making every single argument that [the Intervenors] intend to make if permitted to fully intervene" (DE75 at 8, 14). Unsupported innuendo like this cannot overcome the evidence before this Court showing that the representation of the Intervenors' interests by the Discovery Subjects is not adequate in a number of respects.

Magistrate Judge's questions fully. Specifically, the details of the business and financial relationship between the Intervenors, including any type of common ownership or interests in any of the Discovery Subjects, were described at length by Kolomoisky and confirmed by Bogolyubov. See (DE50-1 at ¶¶ 2-3), (DE50-3 at ¶¶ 5-10). The second question— regarding the assurances to the LCIA Tribunal— was also answered fully in the sworn Declarations provided by the Intervenors and counsel, including by reference to the Intervenors' agreement with the Discovery Subjects (which was filed with the Court). See (DE50-1 at ¶¶ 2-3), (DE50-2 at ¶ 7), (DE50-3 at ¶¶ 11-15) and (DE50-4).

Instead, evidencing Pinchuk's loose treatment of the facts in this appeal, his Response argues that the Intervenors "kept specific information requested by Judge Goodman redacted" in responding to the Order for Clarification (DE75 at 1). That is simply false. As explained in the Appeal, Mr. Kolomoisky's Declaration (DE50-3) contained one redacted sentence (at paragraph 5) and one redacted exhibit (Exhibit A). These limited redactions pertained to additional, highly confidential information that would have been provided to the Court as a supplement to the responses to its first request for clarification had appropriate safeguards been in place. These very limited redactions did not render the Intervenors' responses evasive or incomplete.

Indeed, as described in the Appeal, the redactions were the subject of additional motion practice and a telephonic hearing on January 21, 2014, which addressed a request by the Intervenors that they be allowed to file the unredacted version of the Kolomoisky Declaration, and Exhibit A thereto, under seal and subject to an "attorneys' eyes only" designation limiting disclosure to Pinchuk's counsel at the Kenny Nachwalter firm (DE 60). This request was based on the sensitivity and confidentiality of the redacted information and the disqualification proceedings then pending against White & Case in London, which same firm had supervised the

Kenny Nachwalter firm's preparation of the instant Section 1782 Application. Id. Pinchuk mischaracterizes the colloquy during the January 21, 2014 telephonic hearing, particularly as it related to the relevance of the redacted information to the Court's ruling on the Motion to Intervene (DE75 at 9-10). As stated at the hearing and in the Appeal, the redacted details were additional or supplemental to the otherwise full responses to the Court's Order for Clarification.

Following the telephonic hearing on January 21, 2014, Magistrate Judge Goodman issued a Notice of Court Practice and, later, an Amended Notice of Court Practice in the Event of the Court's Denial of a Motion to Seal, both on January 23, 2014, (DE61; DE64). These notices pertained to a recently amended Local Rule pertaining to sealing motions. On January 27, 2014, Pinchuk filed his Memorandum in Opposition to the Proposed Intervenors' Motion to Seal and for Related Relief (DE67). <u>On the same day</u>, January 27, 2014, without allowing the Intervenors an opportunity to reply, (DE66), or a reasonable opportunity to determine whether to file unredacted versions of the previously-redacted documents, Magistrate Judge Goodman issued the Order on Appeal, (DE68), denying intervention except for the extremely narrow purpose of allowing the Intervenors to raise personal privilege and confidentiality objections to Pinchuk's discovery. No order had been rendered on the Intervenors' Motion to Seal and for Related Relief (DE60), including the request that any unredacted version of the Kolomoisky Declaration and Exhibit A thereto be designated "attorneys' eyes only," when the Court entered the Order on Appeal.

Based on the foregoing, the record evidence before the Court, and the fact that Pinchuk fails to cite a single case in which intervention was denied in situations such as the one before the Court here, the Intervenors respectfully request reversal of the Magistrate Judge's ruling denying full intervention as of right under Rule 24(a) and (b).

### III. PINCHUK'S JURISDICTIONAL ARGUMENTS MUST ALSO BE REJECTED

As described in the Appeal, District Court Judge Graham entered an Order of Reference, (DE4), providing that, "[p]ursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the above-captioned cause is hereby referred to United States Magistrate Judge Goodman to take all necessary and proper action as required by law regarding Applicant's Ex Parte Application for Discovery Pursuant to 28 U.S.C. § 1782." Id. Pinchuk does not dispute this fact or the fact that the parties did not consent to the jurisdiction of the Magistrate Judge, limiting himself to a single footnote of argument in his Response (DE75 at 11, n. 12).

Accordingly, the Order on Appeal was erroneously entered by the Magistrate Judge without the consent of the parties or the Intervenors. See Day v. Persels & Associates, LLC, 729 F.3d 1309, 1321-22 (11th Cir. 2013), citing N.Y. Chinese TV Programs, Inc. v. U.E. Enters., 996 F.2d 21, 25 (2d Cir.1993) (holding that "without the consent of ... [intervenors], the magistrate judge's order has the effect only of a report and recommendation to the district judge, who upon the filing of objections must review *de novo* the recommendation"); see also, Jaliwala v. United States, 945 F.2d 221, 223 (7th Cir. 1991) ("Without consent [from intervenors], the magistrate had no power to enter an appealable final judgment."); 12 Charles Alan Wright, et al., Federal Practice and Procedure § 3071.2 (2d ed. 1997) ("If consents are not obtained, these added parties, like any others who have not consented, retain the option of nullifying any resulting judgment on the ground that they never consented").

Likewise, Pinchuk does not contest that the practice in this District and the Middle District of Florida has also been for a Magistrate Judge to submit a report and recommendation to the District Court Judge when a motion to intervene is at issue because "a motion to intervene is a dispositive motion which must ultimately be decided by an Article III judge in the absence of

consent." Newman v. Sun Capital, Inc., No. 2:09-cv-445, 2010 WL 326069, at *1 (M.D. Fla. Jan. 21, 2010); Smith v. Powder Mountain, LLC, Nos. 08-80820-civ, 08-cv-81185, 2010 WL 5483327, at *1 (S.D. Fla. Dec. 8, 2010) ("[T]he motion presently before the Court is a motion to intervene, which, because of its dispositive nature, cannot be decided by a magistrate judge absent the parties' consent."). Accordingly, the Order on Appeal should have been a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Magistrate Judge Rule 1(d) and is subject to *de novo* review by the District Court Judge.

## CONCLUSION

Based on the foregoing, the Intervenors respectfully request that this Court reverse the Order on Appeal, granting them full intervention rights under Fed. R. Civ. P. 24(a) and (b).

Dated:  March 17, 2014

Respectfully submitted,

**ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.**
*Attorneys for Igor Kolomoisky and Gennadiy Bogolyubov*
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Tel: (305) 372-8282
Fax: (305) 372-8202
/s/ Arnoldo B. Lacayo
José I. Astigarraga
Fla. Bar No. 263508
Email: jastigarraga@astidavis.com
Edward M. Mullins
Fla. Bar No. 863920
Email: emullins@astidavis.com
Arnoldo B. Lacayo
Fla. Bar No. 675482
Email: alacayo@astidavis.com

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 17, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Arnoldo B. Lacayo

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

**SERVICE LIST**

IN RE: APPLICATION OF VICTOR MIKHAYLOVICH PINCHUK FOR
JUDICIAL ASSISTANCE IN OBTAINING EVIDENCE IN THIS DISTRICT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:13-CV-22857-GRAHAM/GOODMAN

| | |
|---|---|
| Richard H. Critchlow, Esq.<br>Elizabeth B. Honkonen, Esq.<br>Jalaine Garcia, Esq.<br>Kenny Nachwalter, P.A.<br>201 S. Biscayne Boulevard<br>Suite 1100<br>Miami, Florida 33131<br>Tel.: (305) 373-1000<br>Email: rcritchlow@kennynachwalter.com<br>Email: ebh@kennynachwalter.com<br>Email: jgarcia@kennynachwalter.com<br><br>*Attorneys for Applicant*<br>*Victor Mikhaylovich Pinchuk* | Jeffrey B. Crockett, Esq.<br>Armando Rosquete, Esq.<br>Benjamin Brodsky, Esq<br>Coffey Burlington, P.L.<br>2699 South Bayshore Drive, PH<br>Miami, Florida 33133<br>Tel.: (305) 858-2900<br>Email: jcrockett@coffeyburlington.com<br>Email: arosquete@coffeyburlington.com<br>Email: bbrodsky@coffeyburlington.com<br><br>*Attorneys for Non-Parties, Felman Production LLC, Felman Trading, Inc., CC Metals and Alloys, LLC, Georgian American Alloys, Inc., and Mordechai Korf* |

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.