UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-CIV-22857-GRAHAM/GOODMAN

IN RE APPLICATION OF VICTOR
MIKHAYLOVICH PINCHUK FOR
JUDICIAL ASSISTANCE IN
OBTAINING EVIDENCE IN
THIS DISTRICT
_____/

# OMNIBUS ORDER ON DISCOVERY SUBJECTS' MOTION TO QUASH OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER AND ON DISCOVERY SUBJECTS' MOTION TO VACATE DISCOVERY ASPECTS OF COURT ORDER ON SECTION 1782 APPLICATION

This Cause is before the Undersigned on the motion of Georgian American Alloys, Inc., Felman Production LLC, Felman Trading, Inc., CC Metals and Alloys LLC, and Mordechai Korf (collectively, the "Discovery Subjects") to Quash or, in the Alternative, for a Protective Order [ECF No. 23], and on the Discovery Subjects' Motion to Vacate Discovery Aspects of Court Order on Section 1782 Application [ECF No. 41]. The Undersigned has reviewed the motions, the oppositions filed thereto, the replies filed in response to the oppositions, and the parties' oral arguments at the April 28, 2014 hearing. For the reasons stated below, each motion is **GRANTED IN PART AND DENIED IN PART**.

I.     BACKGROUND

Victor Mikhaylovich Pinchuk ("Petitioner") filed this application (the "London Application") for *ex parte* discovery pursuant to 28 U.S.C. § 1782 on August 9, 2013.[1] In the London Application, Petitioner seeks discovery from the Discovery Subjects in connection with a breach of contract action pending before the London Court of International Arbitration ("LCIA").  Petitioner's breach of contract claims arise out of a dispute regarding a joint venture between Petitioner and his former partners Igor Valeryevich Kolomoisky ("Kolomoisky") and Gennadiy Borisovich Bogolyubov ("Bogolyubov"). [ECF No. 1, pp. 1-4].  Judge Graham referred the matter to the Undersigned to take all necessary and proper action required by law regarding Petitioner's *ex parte* application.  The Undersigned granted the London Application on September 30, 2013, authorizing Petitioner to issue and serve discovery subpoenas on the Discovery Subjects. [ECF No. 5].

Petitioner subsequently issued the subpoenas at issue here (the "Subpoenas"), on September 24, 2013 and September 25, 2013.  The Subpoenas are attached as Exhibits A, B, C, and D to the Discovery Subjects' Motion to Quash, or, in the Alternative, for a Protective Order.  [ECF No. 23].  In substance, the Subpoenas are nearly identical, each requesting the same twelve categories of information ("Category 1" through "Category

---

[1]     Petitioner has filed a separate application for *ex parte* discovery pursuant to 28 U.S.C. § 1782 in this District related to another ongoing proceeding occurring in Cyprus. *Pinchuk v. Georgian Am. Alloys, Inc.*, No. 1-14-cv-20047-JEM.

12"). The subpoena issued to Felman Trading, Inc. includes one additional category ("Category 13").

On November 8, 2013, the Discovery Subjects submitted a Motion to Quash or, in the Alternative, for a Protective Order. [ECF No. 23]. On December 18, 2013, the Discovery Subjects submitted a Motion to Vacate Discovery Aspects of Court Order on Section 1782 Application (DE 5). [ECF No. 41]. The LCIA held a procedural hearing on March 24, 2014 and a transcript of that hearing was submitted to this Court on March 27, 2014. [ECF No. 83]. The LCIA issued a procedural order on March 30, 2014 (the "March 30 Order"), a copy of which was submitted to this Court on April 1, 2014. [ECF No. 84]. The March 30 Order made no ruling with respect to the London Application, instead choosing to consider whether to admit material gathered via the London Application based on the "then current status of the Arbitration proceedings." [ECF No. 84-1, p. 2]. That Order memorialized rulings from the procedural hearing, where the Chair explained that "we are not going to stop them proceeding" [sic] and "we are not minded to give any specific answers to the questions that have come from the court." [ECF No. 83-1, p. 96].[2]

---

[2] In a January 28, 2014 Order [ECF No. 69], the Undersigned noted interest in receiving clarification from the London panel on several issues, and listed questions such as whether the rules governing the arbitration preclude the parties from seeking to obtain documents in a Section 1782 proceeding or from using materials obtained in the arbitration.

3

## II. DISCUSSION

**A. The Motion to Quash or, in the Alternative, for a Protective Order**

28 U.S.C. § 1782 allows for discovery in cases such as this one, where a foreign tribunal like the LCIA has no jurisdiction over parties such as the Discovery Subjects. An issuing court must, on timely motion, quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). However, the party resisting discovery bears the burden of proving the inadequacy of the subpoena. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).

Here, the Discovery Subjects argue that the Subpoenas seek information that is irrelevant and overbroad, thereby imposing an undue burden on the Discovery Subjects. However, relevance is construed broadly, *Bailey Industries, Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 667 (N.D. Fla. 2010), and, on their face, the Subpoenas seek information arguably relevant to the LCIA proceedings. In addition, the LCIA's March 30 Order chose not to rule on the breadth of evidence obtained in the London Application that it would consider. [ECF No. 84-1, p. 2]. This makes it particularly difficult to gauge whether the Subpoenas are overly broad or place an undue burden on the Discovery Subjects. If the Subpoenas request information which is beyond the pale and clearly irrelevant to the LCIA proceeding, then the panel surely could have indicated that. It did not, and it expressly declined to indicate that the Subpoenas seek irrelevant documents. In any event, the Discovery Subjects have not met the burden necessary to

4

quash the Subpoenas as overly broad or imposing an undue burden. *See Belaire at Boca, LLC v. Ass'ns Ins. Agency, Inc.*, No. 06-CV-80887, 2007 WL 1830873, at *1 (S.D. Fla. June 22, 2007) (noting that detailed affidavits or other evidence must specifically demonstrate how discovery is overbroad or burdensome in order to meet the undue burden standard).

The Discovery Subjects also argue that the Subpoenas seek confidential information and trade secrets, and that the Discovery Subjects have a right to privacy under the Florida Constitution. Any concerns about confidentiality issues, including trade secrets, may be resolved via entry of a protective order that allows for the designation of certain documents as Confidential or for Attorneys' Eyes Only. *See, e.g., In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD, 2013 WL 214672, *1-2 (S.D. Fla. Jan. 18, 2013). Finally, as the Discovery Subjects noted in their brief, there is no corporate right to privacy under the Florida Constitution. [ECF No. 23 at 13, n.7]. The Undersigned did consider the privacy rights of the Discovery Subjects' shareholders and investors, as well as those of Mr. Korf. *See Alterra Healthcare Corp. v. Estate of Shelley*, 827 So. 2d 936, 945 (Fla. 2002).

The Discovery Subjects also seek to quash the deposition subpoena issued to Mr. Korf. In return, they have agreed to make him available as a witness at the LCIA proceedings. In so doing, the Discovery Subjects have alleviated any concern that Mr. Korf's testimony will be unavailable in the LCIA proceeding. This is sufficient to quash

the deposition subpoena issued to Mr. Korf. *In re Cathode Ray Tub (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 183944, at *2 (N.D. Ca. Jan. 17, 2013).

### B. The Motion to Vacate Discovery Aspects of Court Order on Section 1782 Application

A foreign tribunal's ruling that it will not accept evidence obtained via 28 U.S.C. § 1782 is one factor a court may consider when determining whether to grant a § 1782 application. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). As noted above, the LCIA has specifically and expressly chosen **not** to rule on whether it will accept or rule on any evidence obtained via the London Application. This militates in favor of denying the Motion to Vacate, as do the other factors noted in *Intel*. The LCIA has no power to ensure the Discovery Subjects comply with a discovery order, the London Application does not contravene any known LCIA procedural rule (and the LCIA is aware of the London Application and had the opportunity to evaluate it and to indicate whether it is unavailable or inappropriate), and the Subpoenas, for the reasons noted above at section II.A, are not unduly burdensome or intrusive, particularly if they are tailored more narrowly, as described below. *Intel Corp.*, 542 U.S. at 264.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that

Documents responsive to Categories 1 through 11 of the Subpoenas will be produced within six weeks of the date of this order.

Documents responsive to Categories 12 and 13 (Category 13 appears only in the subpoena issued to Felman Trading, Inc.) will be produced as follows: only those

documents relating to the following six sub-categories will be produced, within six weeks of the date of this Order:

1. Sales Agency Agreements
2. Preliminary and Final Invoices
3. Confirmations of Sales to End Customers
4. Confirmations of Payment
5. Logistics Reconciliation Summaries
6. Accounts Payable and Receivable Ledgers

Once these six sub-categories of documents are produced, Petitioner may then choose twenty-five sample raw material transactions as well as twenty-five sample ferroalloy transactions that he may request the full scope of all logistic and other background documents (the "Sample Trading and Distribution Documents"). The Sample Trading and Distribution Documents shall be produced no later than eight weeks from the date of this Order.

The Discovery Subjects may produce documents with a "Confidential" designation to be set out in the proposed protective order discussed below, or an "Attorneys' Eyes Only" ("AEO") designation. Any document with an AEO designation shall only be viewed by attorneys and expert witnesses working for, but not directly employed by, the Petitioner on the London Application or LCIA proceedings, as well as their staff. To be clear, materials designated as AEO cannot be viewed by any employee

of Petitioner, including in-house counsel. Petitioner is free to contest the AEO designation by motion. All documents produced pursuant to the London Application shall only be used in the LCIA proceeding, however, Petitioner is also free to move to admit or use such documents in other proceedings.

The motion to depose Mr. Korf is denied, however, that denial is expressly premised on the Discovery Subjects' agreement to make Mr. Korf available to the LCIA as a witness.

The parties are to revise and submit a new proposed protective order and file it with the Court by Friday, May 2, 2014. In addition, the parties shall submit by Friday, May 2, 2014, a Microsoft Word version of the proposed order to the Undersigned via the Court's efile inbox, at Goodman@flsd.uscourts.gov.

**DONE AND ORDERED** in Chambers, in Miami, Florida, April 30, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Donald L. Graham
All counsel of record