UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 13-22857-CV-GRAHAM

IN RE APPLICATION OF
Victor Mikhaylovich Pinchuk
Pursuant to 28 U.S.C. § 1782
For Judicial Assistance in this District

_____/

### ORDER

**THIS CAUSE** came before the Court upon Intervenors Kolomoisky's and Bogolyubov's Appeal of the Magistrate Judge's January 27, 2014 Order on Motion to Intervene [D.E. 71].

**THE COURT**, has considered the Motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

Victor Mikhaylovich Pinchuk initiated the instant discovery proceeding pursuant to 28 U.S.C. § 1782. [D.E. 1]. The discovery matter was referred to Magistrate Judge Goodman to take all necessary and proper action required by law regarding Pinchuk's ex parte application for discovery. [D.E. 4]. Igor Kolomoisky and Gennadiy Bogolyubov (hereinafter collectively referred to as "Intervenors"), moved to intervene in this discovery proceeding [D.E. 10]. After requesting additional briefing and conducting an omnibus hearing, Magistrate Judge Goodman entered an order denying, in significant part, and conditionally granting in part the motion to intervene. Specifically, Magistrate Judge Goodman granted the

motion to intervene as a matter of right for the sole and limited purpose of protecting personal privilege claims and confidentiality objections to the production of certain documents. [D.E. 68]. Magistrate Judge Goodman denied the motion in all other respects. Id.

Intervenors now appeal Magistrate Judge Goodman's order asserting that the order was erroneously entered as a final order without first obtaining the consent of the parties or Intervenors, as 28 U.S.C. §636(c) and Magistrate Judge Rules 1(h) and 3 require. Intervenors argue that the order should be treated as a report and recommendation, and reviewed by this Court *de novo*. Intervenors further contend that the portions of the order limiting and restricting intervention as a right under Fed.R.Civ.P. 24(a), and denying permissive intervention under Fed.R.Civ.P. 24(b) in its entirety, are clearly erroneous and contrary to law. [D.E. 71].

Express consent by the intervenors is lacking in this case. New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc., 996 F.2d 21, 24 (2d Cir. 1993). Without the consent of the intervenors, the magistrate judge's order has the effect only of a report and recommendation to the district judge, who upon the filing of objections must review *de novo* the recommendation. Fed.R.Civ.P. 72(b). See, e.g., Stanley v. Amoco Oil Co., 965 F.2d 203, 204 (7th Cir.1992) (per curiam) ("in the absence of consent, review of a magistrate judge's decision lies in the district court", citing

Jaliwala v. United States, 945 F.2d 221 (7th Cir.1991)); Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co., 879 F.2d 809, 811 (10th Cir.1989) (magistrate judge not authorized to render final decisions under 28 U.S.C. § 1291 absent both designation by district court and consent of parties under 28 U.S.C. § 636(c));New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc., 996 F.2d 21, 25 (2d Cir. 1993). Accordingly, the Court construes Magistrate Judge Goodman's Order on Motion to Intervene [D.E. 68] as a Report and Recommendation to deny in part and conditionally grant in part the motion to intervene. The Court also construes Intervenor's Appeal as objections to the Magistrate Judge's report.

The Court has reviewed the record and finds Intervenor's objections [D.E. 71] without merit. Moreover, the Court finds that Intervenors have failed to demonstrate that the Magistrate Judge's Order [D.E. 68], which the Court construes as report and recommendation, is "clearly erroneous or contrary to law." Accordingly, it is

**ORDERED AND ADJUDGED** that United States Magistrate Judge Goodman's Order denying Intervenor's motion to intervene, which the Court construes as a Report and Recommendation is hereby **RATIFIED, AFFIRMED and APPROVED** in its entirety [D.E. 68]. It is further

**ORDERED AND ADJUDGED** that Intervenors Kolomoisky's and

Bogolyubov's Appeal of the Magistrate Judge's January 27, 2014 Order on Motion to Intervene [D.E. 71] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Intervenor's Motion [D.E. 10] to Intervene [D.E. 10] is **GRANIED in part and DENIED in part**. Intervenor's Motion [D.E. 10] is **GRANTED** for the sole and limited purpose of protecting personal privilege claims and confidentiality objections to the production of certain documents and **DENIED** in all other respects.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of May, 2014.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE